J-S09027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: N.M.P.-C., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.C., FATHER | : : : : : : : | |
| | : | No. 3218 EDA 2023 |

Appeal from the Decree Entered November 29, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s):  2023-A0116

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                     **FILED APRIL 30, 2024**

Appellant J.C. (Father), appeals from the decree involuntarily terminating his parental rights to his minor child, N.M.P.-C. (Child).[1]  Father argues that the trial court erred in terminating his parental rights.  After careful review, we vacate and remand with instructions.

Briefly, Father and R.P. (Mother) were married from September of 2004 through May of 2014.  **See** N.T., 11/28/23, at 7.  Following their separation, the parties entered a custody agreement that provided Father partial physical custody.  **See id.** at 7-8.  In May of 2016, Father emailed Mother's counsel and stated: "Please advise your client that I am prepared to relinquish my parental rights as well as my responsibility of support."  **Id.** at 9.

_____

[1] Child was born in May of 2009.  **See** N.T., 11/28/23, at 7.

On June 20, 2016, the parties entered into a stipulation granting Mother sole legal and physical custody of Child. *See id.* at 11. The stipulation also relieved Father of his financial obligation to support Child. *See id.* In the six months immediately preceding the petition to involuntarily terminate Father's parental rights, Father did not exercise any physical custody of Child. Further, Father had no contact with Child, and he did not object when Mother sought to change Child's last name. *See id.* at 11-12.

On August 21, 2023, Mother filed a petition to involuntarily terminate Father's parental rights. Father was represented by Matthew S. Brittenburg, Esq., and Mother was represented by Colleen Norcross, Esq. The trial court appointed Lisa Kane Brown, Esq., as guardian *ad litem* (GAL) for Child. *See* Order, 10/4/23.

On November 18, 2023, the trial court held a hearing on Mother's contested petition for the involuntary termination of Father's parental rights. At the hearing, Father was represented by Attorney Brittenburg, Mother was represented by Attorney Norcross, and Child was represented by Attorney Kane Brown, the GAL. *See* N.T., 11/18/23, at 1. At the conclusion of the hearing, the trial court concluded that there was clear and convincing evidence to support terminating Father's parental rights, that terminating Father's parental rights would not harm Child, that there was no bond between Father and Child. *See id.* at 128-33. Thereafter, the trial court entered a decree terminating Father's parental rights to Child. *See* Decree, 11/29/23.

Father filed a timely appeal and statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. The trial court did not draft a Rule 1925(a) opinion.

On appeal, Father presents the following issues:

1. Whether sufficient evidence supported the termination of parental rights of . . . Father based on 23 Pa.C.S. § 2511(a)(1) where . . . Father had continued reaching out to [C]hild within the six months immediately preceding the filing of the petition to terminate his parental rights?

2. Whether the trial court erred in finding there was no bond with . . . Father and that [C]hild's needs and welfare pursuant to 23 Pa.C.S. § 2511(b) would be met by the termination of Father's parental rights?

3. Whether the trial court erred when it precluded the admission of evidence concerning the proposed adoptive father's drug addiction as a risk to [C]hild?

Father's Brief at 1 (formatting altered).

Before addressing Father's issues, we must review whether the trial court appointed legal counsel to represent Child for the termination proceedings pursuant to 23 Pa.C.S. § 2313(a). *See In re Adoption of K.M.G.*, 240 A.3d 1218, 1235 (Pa. 2020). Our Supreme Court has interpreted Section 2313(a) "as requiring 'that the common pleas court appoint an attorney to represent the child's legal interests, *i.e.* the child's preferred outcome.'" *Id.* (citation omitted). Additionally, the failure to appoint a "'separate attorney to represent the child's legal interests constitutes structural error, meaning it is not subject to a harmless-error analysis.'" *Id.* (citations omitted).

- 3 -

It is well settled that "a single attorney cannot represent a child's best interests and legal interests if those interests conflict." *Id.* at 1236 (citation omitted). As such, our Supreme Court has held that before appointing an individual to serve as both GAL and legal counsel for a child, the trial court "must determine whether counsel can represent the dual interests . . . ." *Id.* Further, where the trial court appoints one attorney to represent both the child's best interests and legal interests, appellate courts review whether the trial court "made a determination that those interests did not conflict." *Id.* at 1235.

As stated, the record reflects that Attorney Kane Brown was appointed as GAL.[2] *See* Order, 10/4/23. However, there is no indication that the trial court appointed separate legal counsel to represent Child's legal interests, and there was no determination that Attorney Kane Brown, as GAL was able to represent Child's best interests and legal interests because the trial court never determined whether there was, in fact, a conflict between those

---

[2] Attorney Kane Brown remains Child's appellate counsel and counsel of record.

interests.[3]  **See K.M.G.**, 240 A.3d at 1236.[4]  Therefore, we are constrained to vacate the involuntary termination decree and remand for further proceedings.  **See id.**; **see also In re A.J.R.O.**, 270 A.3d 563, 570 (Pa. Super. 2022) (reiterating that "appellate review of this question does not involve second–guessing whether GAL/[legal c]ounsel in fact had a conflict but solely whether the [trial] court made the determination in the first instance" (citations omitted)).

On remand, within thirty days of the date the record is remitted, we direct the trial court to fulfill its Section 2313(a) duty as articulated in **K.M.G.** and determine whether Attorney Brown Kane may represent both the best interests and legal interests of Child.  If the trial court determines that no conflict exists between Child's dual interests, then the trial court shall re-enter the termination decree as to Father.  If the trial court determines that there

---

[3] In addition, we note that Child is over the age of 12 and must consent to adoption.  **See** 23 Pa.C.S. § 2711(a)(1).  The record reflects that Child did complete a consent to adoption pursuant to Section 2711(a).  **See** Consent, 9/20/23.  However, when Child signed this document, the GAL had not yet been appointed.  Further, the record does not reflect that the trial court addressed Child's views about adoption or to what extent Child was advised of the implications of adoption, and as noted, there is no judicial determination concerning whether Child's legal and best interests conflict or whether the GAL can represent both interests.

[4] While we recognize that remanding pursuant to 23 Pa.C.S. § 2313(a) for a determination concerning whether there is a conflict between Child's legal interests and best interests and whether Attorney Kane Brown may represent both of those interests will result in a delay, this Court we may not make this determination on the trial court's behalf.  **See In re A.J.R.O.**, 270 A.3d 563, 570-71 (Pa. Super. 2022).

- 5 -

is a conflict between Child's best interests and legal interests, then the court shall appoint separate legal counsel for Child and conduct a new termination hearing at which time Child's legal counsel can advocate on behalf of Child's legal interests. *See K.M.G.*, 240 A.3d at 1235.

Decree vacated and remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/30/2024